IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMBERLY KAY CRADER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 17-4077-JWL |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the ALJ's evaluation of the opinions of a physician who treated Plaintiff for a worker's compensation injury and another physician who examined Plaintiff in relation to the same matter, the court ORDERS that the Commissioner's final decision shall be reversed and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

**I.     Background**

Plaintiff argues that the Administrative Law Judge (ALJ) erred in failing to find that Plaintiff's condition meets or medically equals the severity of Listing 1.04 of the musculoskeletal disorders, and erred in evaluating the medical opinions of the worker's compensation physicians and of the state agency psychological consultants. She seeks remand for further administrative proceedings.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the

[Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational

factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Remand is necessary because the court finds the ALJ erred in evaluating the medical opinions of the worker's compensation physicians. Therefore, it will not provide an advisory opinion regarding Listing 1.04 or the opinions of the state agency psychological consultants. Plaintiff may make her arguments in that regard, if desired, to the Commissioner on remand.

## II. Discussion

Plaintiff points out that the ALJ discounted the opinions of the physicians in the worker's compensation matter merely because "they use different standards in Worker's Compensation cases." (Pl. Br. 15). She argues that this is an insufficient basis to discount the medical opinions, which are not based on worker's compensation standards but upon the physicians' medical expertise in evaluating the abilities and functional limitations resulting from Plaintiff's condition. Id. at 15-16.

In her Brief the Commissioner "concedes that this was not a valid reason for weighing the functional assessments (as opposed to any impairment ratings) provided by

4

Drs. Hopkins and Frevert." (Comm'r Br. 7). She argues, however, that the error was harmless. Id. She argues that "the ALJ's RFC finding is consistent with Dr. Frevert's opinion," id.; that the ALJ's limitation to frequent reaching with Plaintiff's right arm and hand and no overhead reaching is consistent with the opinions of Dr. Frevert, Dr. Hopkins, and the state agency physician, id.; and that although the ALJ did not provide a legitimate basis to discount Dr. Hopkin's limitation to sitting work primarily, he "permissively afforded significant weight to the opinions of the State medical consultants, in particular Dr. Mamaril, who opined that Plaintiff was capable of performing light work with some postural limitations." Id. at 8.

In her Reply Brief, Plaintiff argues that the Commissioner merely asks the court to reweigh the evidence and to substitute its judgment for that of the Commissioner, that the "court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself," and that the decision provides no indication of another reason to discount the opinions of Dr. Frevert or Dr. Hopkins. (Reply 3) (quoting Haga v. Astrue, 482 F.3d 1205, 1207-08 (10th Cir. 2007)).

### A.     Analysis

The court agrees with Plaintiff. The only reason the ALJ provided to discount the opinions of Dr. Frevert and Dr. Hopkins was the admittedly insufficient reason that their assessments were "performed in the workers compensation process and do not have the same standards and guidelines as the Social Security Administration." (R. 30). Thus, to find the ALJ's evaluation is harmless, the court must find other reasons to discount the physicians' opinions. As Plaintiff points out, the decision provides no other apparent

5

reason the ALJ used to discount the opinions. Therefore, the court's provision of a different reason would be post-hoc rationalization within the prohibition of Haga. While the court might properly point to record evidence not cited by the ALJ which supports the ALJ's rationale for a finding he made, it may not use record evidence, even that cited by the ALJ, to provide a rationale for a finding the ALJ did not make when that rationale is "not apparent from the ALJ's decision itself." Haga, 482 F.3d at 1208.

Remand is necessary for the Commissioner properly to evaluate the worker's compensation physicians' opinions.

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be reversed and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

Dated August 29, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**